**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| O'KEEFE LYONS & HYNES, LLC, | |
| Plaintiff, | Civil Action No. |
| v. | *Document electronically filed* |
| O'KEEFE LAW FIRM, LTD. | |
| Defendant. | |

**COMPLAINT**

Plaintiff, O'Keefe Lyons & Hynes, LLC ("OLH" or "Plaintiff"), for its complaint against Defendant, O'Keefe Law Firm, Ltd. ("OLF" or "Defendant"), alleges as follows:

**INTRODUCTION**

1.     This is an action brought by OLH arising under the trademark and unfair competition laws of the United States and/or the state of Illinois. OLH seeks an injunction and damages against OLF for infringement of OLH's Federal and Illinois state trademark rights, and violation of Federal and Illinois state unfair competition laws.

**THE PARTIES**

2.     OLH is a law firm incorporated in Illinois and operating as O'KEEFE LYONS & HYNES, LLC ("OLH Name"), with its principal location at 30 North LaSalle Street, #4100, Chicago, Illinois 60602. OLH promotes its services through the website, www.okeefe-law.com.

3.     On information and belief, OLF is a law firm incorporated in Illinois and operating as O'KEEFE LAW FIRM ("OLF Name"), with its principal location at 2 South La

Grange Road, Suite #8, La Grange, Illinois 60525.  On information and belief, OLF promotes its services through the website, www.okeefelawfirm.com.

## JURISDICTION AND VENUE

4.      Subject matter jurisdiction is conferred on the Court by 28 U.S.C. §§ 1331 and 1338 for claims arising under 15 U.S.C. § 1125 of the Lanham Act.  The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

5.      Venue in this court is based upon 28 U.S.C. §§ 1391.

6.      Upon information and belief, OLF conducts business in the Northern District of Illinois using the name "O'KEEFE LAW FIRM, LTD." and the domain name "okeefelawfirm.com," in matters relating to the subject in dispute.  Upon information and belief, OLF has provided legal services in connection with the OLF Name that infringes OLH's Name and violates applicable unfair competition laws.

7.      Upon information and belief, OLF has knowingly and intentionally used the OLF name and the domain name "okeefelawfirm.com" to market and service Illinois customers.

## FACTUAL BACKGROUND

8.      Since 1937, OLH's legal practice has focused on providing property tax legal services to businesses and residents of the State of Illinois and elsewhere ("Services").  During its approximately eighty (80) years of existence, OLH has continuously held itself out, and has been known in the legal community as, "The O'Keefe Firm."

9.      Some of OLH former and current partners include:

A.      James O'Keefe founded the firm in 1937.  Mr. O'Keefe was the Cook County Public Administrator from 1960 to 1968, and the Democratic nominee for Illinois Attorney General in 1956.  Mr. O'Keefe was also a well-known political associate of former

Mayors Richard Daley, Michael Bilandic, and Jane Byrne. (*See* Exhibit A, http://articles.chicagotribune.com/1988-04-17/news/8803090435_1_jane-byrne-michael-bilandic-chicago-lawyer.)

      B.    Kevin M. O'Keefe served on President Bill Clinton's White House Staff from 1993 until 1997, including as Special Assistant to the President. Mr. O'Keefe is a partner and member at OLH practicing real estate tax law. (*See* Exhibit B, www.okeefe-law.com/OKeefe.html.)

      C.    Thomas G. Lyons, a longtime OLH partner, served as Chief Attorney for the Cook County Assessor's Office from 1958 to 1960, was the head of the Cook County Democratic Party from 1990 to 2007, and was the architect of the 1970 Illinois Constitution. (*See* Exhibit C, http://articles.chicagotribune.com/2007-01-14/news/0701140234_1_mr-lyons-thomas-g-lyons-cook-county-democratic-party.)

      D.    Kevin B. Hynes, a current OLH partner, was Assistant Counsel to the Speaker of the Illinois House of Representatives, served in the U.S. Department of Justice as an Assistant Associate and Special Assistant to the Attorney General, and was an Assistant Attorney General in the Illinois Attorney General's Office. (*See* Exhibit D, http://www.okeefe-law.com/Hynes.html.)

10.    As a result of the high quality of the services OLH has provided over the generations, OLH has earned an excellent reputation and fame within the legal community and in particular, the property tax community.

11.    Based on its nearly eighty (80) years of providing property tax appeal services, OLH has earned a stellar reputation and its name has acquired secondary meaning in connection with providing such Services.

12. Upon information and belief, OLH has priority over OLF with respect to use of the name O'KEEFE in connection with providing property tax legal services.

13. Upon information and belief, OLF was established in 2012, and filed for incorporation in the State of Illinois on April 30, 2012.

14. Upon information and belief, the domain name "okeefelawfirm.com" was not created until April 23, 2009.

15. Upon information and belief, OLF offers the identical services as those offered by OLH. OLF's website, "www.okeefelawfirm.com," states:

> The O'Keefe Law Firm, Ltd™ provides property owners in Cook County with personalized and skilled representation on matters of <u>property tax assessments and appeals</u> for commercial, industrial, and apartment buildings, hotels, motels and residential properties.

(*See* Exhibit E, emphasis added)

16. Upon information and belief, both OLF and OLH advertise and promote their services in the same channels of trade, including on the Internet, in legal directories, and on social media.

17. Clients and potential clients may investigate and retain OLH over the Internet. On information and belief, clients and potential clients of OLF's Services may similarly investigate and retain OLF over the internet.

18. Upon information and belief, both OLF and OLH provide services to the same group of consumers, namely, people and entities that require property tax real estate legal services within and outside of Illinois.

19. In April 2017, OLH first became aware of OLF when one of its clients was searching for OLH, came across OLF, and was confused between the two law firms.

20.　　On April 24, 2017, OLH sent OLF a cease and desist letter, demanding OLF alter its confusing use of the O'KEEFE name. (*See* Exhibit F, OLH's April 24, 2017, letter.)

21.　　On May 15, 2017, OLF sent OLH a response to the April 24, 2017, cease and desist letter. OLF's letter included a number of questions, and an admission that OLF has been aware of OLH since as early as 2009. (*See* Exhibit G, OLF's May 15, 2017, letter.)

22.　　On May 19, 2017, OLH replied to OLF's response letter, in which it provided answers to OLF's questions and reiterated its demand that OLF cease the confusing use of the name O'KEEFE in connection with its services. (*See* Exhibit H, OLH's May 19, 2017, letter.)

23.　　OLH has not received any communications from OLF since OLH sent its May 19, 2017, letter despite having left numerous emails and telephone voice mails for OLF. Rather, OLF's only response has been the addition of the "TM" designation next to its name on its www.okeefelawfirm.com website.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

24.　　OLH hereby re-alleges the allegations of Paragraphs 1-23 of this complaint as if fully set forth herein.

25.　　OLH's Name is inherently distinctive as it pertains to the Services.

26.　　OLH's Name has acquired secondary meaning.

27.　　OLH's name is famous as it relates to the Services.

28.　　The O'KEEFE LAW FIRM name and the O'KEEFE LYONS & HYNES name share the identical first term, O'KEEFE.

29.　　The term "O'KEEFE" is the most distinctive term in OLF's Name.

30.　　The O'KEEFE LAW FIRM name is visually similar to the O'KEEFE LYONS & HYNES name.

31.     The O'KEEFE LAW FIRM name is aurally similar to the O'KEEFE LYONS & HYNES name.

32.     The connotations of the O'KEEFE LAW FIRM name and the O'KEEFE LYONS & HYNES name are the same.

33.     The commercial impressions of the O'KEEFE LAW FIRM name and the O'KEEFE LYONS & HYNES name are the same.

34.     OLF's Name so closely resembles OLH's Name in appearance, sound, connotation, and commercial impression that the use of OLF's Name in commerce in connection with property tax legal services is likely to cause confusion or mistake in the minds of the public and prospective purchasers.

35.     OLF's Name so closely resembles OLH's Name in appearance, sound, connotation, and commercial impression that the use of OLF's Name in commerce in connection with property tax legal services is likely to lead the public and prospective purchasers to believe that OLF's services are those of OLH or are endorsed, sponsored, or otherwise affiliated or connected with OLH.

36.     For decades OLH has been known in the legal community as "The O'Keefe Firm" ("OLH's AKA").

37.     OLH's AKA has acquired secondary meaning.

38.     The O'KEEFE LAW FIRM name and OLH's AKA incorporate the same term, O'KEEFE.

39.     The term "O'KEEFE" is the most distinctive term in OLH's AKA.

40.     The O'KEEFE LAW FIRM name is visually similar to OLH's AKA.

41.     The O'KEEFE LAW FIRM name is aurally similar to OLH's AKA.

42. The connotations of the O'KEEFE LAW FIRM name and OLH's AKA are the same.

43. The commercial impressions of the O'KEEFE LAW FIRM name and OLH's AKA are the same.

44. OLF's Name so closely resembles OLH's AKA in appearance, sound, connotation, and commercial impression that the use of OLF's Name in commerce in connection with property tax legal services is likely to cause confusion or mistake in the minds of the public and prospective purchasers.

45. OLF's Name so closely resembles OLH's AKA in appearance, sound, connotation, and commercial impression that the use of OLF's Name in commerce in connection with property tax legal services is likely to lead the public and prospective purchasers to believe that OLF's services are those of OLH or are endorsed, sponsored, or otherwise affiliated or connected with OLH.

46. OLF's domain, www.okeefelawfirm.com is similar to OLH's domain, www.okeefe-law.com.

47. OLF and OLH offer the same or highly similar legal services.

48. OLF and OLH offer the same or highly similar property tax legal services.

49. The similarity of the OLF and OLH's services is likely to cause consumer confusion, mistake or deception as to the affiliation, connection, or association of OLF with OLH, and/or as to the origin, sponsorship, or approval of OLF's Services by OLH.

50. OLF has, without the consent of OLH, used the OLF Name in commerce in connection with the Services.

51.     Use of OLF's Name in commerce in connection with property tax legal services is likely to cause confusion or mistake in the minds of the public and prospective purchasers with the use of OLF's Name and OLH's AKA in connection with the same or similar services.

52.     OLH and OLF offer their services on-line, including through their respective websites.

53.     OLH and OLF advertise and promote their services on-line, including through their respective websites, in legal directories, and on social media.

54.     OLH and OLF offer their services through the same channels of trade.

55.     OLH and OLF serve and promote their services to the same group of consumers.

56.     Upon information and belief, OLF is the only other law firm that uses a name similar to OLH's Name in connection with providing the Services.

57.     Upon information and belief, OLF is the only other law firm that uses a name similar to OLH's AKA in connection with providing the Services.

58.     OLH is aware of at least one instance of actual consumer confusion between OLH and OLF due to OLF's use of OLF's Name.

59.     OLH has been and is being damaged by OLF's trademark infringement and has no adequate remedy at law.

60.     As a result of OLF's trademark infringement, OLH has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.  OLF will continue to infringe OLH's Name unless restrained by this Court.  Accordingly, OLH seeks injunctive relief pursuant to 15 U.S.C. § 1116.

61. Based on OLF's knowledge and disregard of OLH's trademark rights in OLH's Name in connection with the Services prior to OLF's adoption and use of OLF's name, OLF's trademark infringement is willful.

62. Based on OLF's ongoing use of OLF's Name, despite knowledge of OLH's trademark rights in OLH's Name in connection with the Services, OLF's trademark infringement is willful.

## COUNT II
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

63. OLH hereby re-alleges the allegations of Paragraphs 1-61 of this complaint as if fully set forth herein.

64. OLF's actions, including the adoption and use of the OLF Name, which is confusingly similar to OLH's Name, constitutes a false designation of origin and false description and representation in violation of 15 U.S.C. § 1125(a).

65. 15 U.S.C. § 1125(a) states:

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

66.     OLF's Name so closely resembles OLH's Name in appearance, sound, connotation, and commercial impression that use of OLF's Name in commerce in connection with the Services is likely to cause consumer confusion, mistake, or deception as to the affiliation, connection, or association of OLF with OLH.

67.     OLF's Name so closely resembles OLH's Name in appearance, sound, connotation, and commercial impression that use of OLF's Name in commerce in connection with the Services is likely to cause consumer confusion, mistake, or deception as to the origin, sponsorship, or approval of OLF's Services by OLH.

68.     OLF's Name so closely resembles OLH's Name in appearance, sound, connotation, and commercial impression that use of OLF's Name in commercial advertising or promotion of  the Services mispresents the nature, characteristics, and qualities of OLF's Services as if they were OLH's Services.

69.     OLF's Name so closely resembles OLH's AKA in appearance, sound, connotation, and commercial impression that use of OLF's Name in commerce in connection with the Services is likely to cause consumer confusion, mistake, or deception as to the affiliation, connection, or association of OLF with OLH.

70.     OLF's Name so closely resembles OLH's AKA in appearance, sound, connotation, and commercial impression that use of OLF's Name in commerce in connection with the Services is likely to cause consumer confusion, mistake, or deception as to the origin, sponsorship, or approval of OLF's Services by OLH.

71.     OLF's Name so closely resembles OLH's AKA in appearance, sound, connotation, and commercial impression that use of OLF's Name in commercial advertising or

promotion of the Services mispresents the nature, characteristics, and qualities of OLF's Services as if they were OLH's Services.

72.     After a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that OLF's use of OLF's Name, in violation of 15 U.S.C. § 1125(a), commenced, and has continued, despite OLF's knowledge of OLH's rights in the OLH Name and/or OLH's AKA.

73.     After a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that OLF's use of OLF's Name, in violation of 15 U.S.C. § 1125(a), commenced, and has continued, despite OLF's knowledge that OLF does not have the right to use the O'KEEFE name in its current form in commerce in connection with the Services.

74.     As a result of OLF's use of OLF's Name, OLH has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.  OLF will continue its unauthorized use of OLF's Name unless restrained by this Court.  Accordingly, OLH seeks injunctive relief pursuant to 15 U.S.C. § 1116.

75.     By using OLF's Name, OLF has diluted and traded on OLH's reputation and goodwill, causing irreparable harm to OLH.  Accordingly, OLH is entitled to the damages it can establish, including but not limited to an accounting of all the profits OLF has derived from its unlawful use of OLF's Name and an award of OLH's actual damages (trebled), together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1117(a).

## COUNT III
## STATE DECEPTIVE TRADE PRACTICES ACT

76.     OLH hereby re-alleges the allegations of Paragraphs 1-74 of this complaint as if fully set forth herein.

77.     OLF's Name is confusingly similar to OLH's Name, and use of OLF's Name in connection with the Services constitutes a deceptive trade practice in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*

78.     OLF's Name is confusingly similar to OLH's AKA, and use of OLF's Name in connection with the Services constitutes a deceptive trade practice in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*

79.     815 ILCS 510/2(a) states, in relevant part, that a person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, that person:

(1)  passes off goods or services as those of another;

(2)  causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

(3)  causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another;

(5)  represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have;

(12)  engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding.

80.     OLF's Name so closely resembles OLH's Name in appearance, connotation, commercial impression, and sound that by using OLF's Name in connection with the Services, OLF is passing itself off as OLH, in violation of 815 ILCS 510/2(a)(1), and thus will injure and damage OLH and the goodwill and reputation symbolized by OLH's Name.

81.     OLF's Name so closely resembles OLH's Name in appearance, connotation, commercial impression, and sound that by using OLF's Name in connection with the Services, OLF is passing its Services off as if they are OLH's Services, in violation of 815 ILCS

510/2(a)(1), and thus will injure and damage OLH and the goodwill and reputation symbolized by OLH's Name.

82.     OLF's Name so closely resembles OLH's AKA in appearance, connotation, commercial impression, and sound that by using OLF's Name in connection with the Services, OLF is passing itself off as OLH, in violation of 815 ILCS 510/2(a)(1), and thus will injure and damage OLH and the goodwill and reputation symbolized by OLH's AKA.

83.     OLF's Name so closely resembles OLH's AKA in appearance, connotation, commercial impression, and sound that by using OLF's Name in connection with the Services, OLF is passing its Services off as if they are OLH's Services, in violation of 815 ILCS 510/2(a)(1), and thus will injure and damage OLH and the goodwill and reputation symbolized by OLH's AKA.

84.     OLF's Name, so closely resembles OLH's Name in appearance, connotation, commercial impression, and sound that the use in commerce of OLF's Name in connection with the Services is likely to cause consumer confusion or misunderstanding as to the source, sponsorship, approval, or certification of OLF's Services by OLH in violation of 815 ILCS 510/2(a)(2), and thus will injure and damage OLH and the goodwill and reputation symbolized by OLH's Name.

85.     OLF's Name, so closely resembles OLH's AKA in appearance, connotation, commercial impression, and sound that the use in commerce of OLF's Name in connection with the Services is likely to cause consumer confusion or misunderstanding as to the source, sponsorship, approval, or certification of OLF's Services by OLH in violation of 815 ILCS 510/2(a)(2), and thus will injure and damage OLH and the goodwill and reputation symbolized by OLH's AKA.

86.     OLF's Name, so closely resembles OLH's Name in appearance, sound, connotation, and commercial impression that the use in commerce of OLF's Name in connection with the Services is likely to cause consumer confusion or misunderstanding as to OLF's affiliation, connection, or association with OLH in violation of 815 ILCS 510/2(a)(3), and thus will injure and damage OLH and the goodwill and reputation symbolized by OLH's Name.

87.     OLF's Name, so closely resembles OLH's Name in appearance, sound, connotation, and commercial impression that the use in commerce of OLF's Name in connection with the Services is likely to cause consumer confusion or misunderstanding as to the certification of OLF's Services by OLH in violation of 815 ILCS 510/2(a)(3), and thus will injure and damage OLH and the goodwill and reputation symbolized by OLH's Name.

88.     OLF's Name, so closely resembles OLH's AKA in appearance, sound, connotation, and commercial impression that the use in commerce of OLF's Name in connection with the Services is likely to cause consumer confusion or misunderstanding as to OLF's affiliation, connection, or association with OLH in violation of 815 ILCS 510/2(a)(3), and thus will injure and damage OLH and the goodwill and reputation symbolized by OLH's AKA.

89.     OLF's Name, so closely resembles OLH's AKA in appearance, sound, connotation, and commercial impression that the use in commerce of OLF's Name in connection with the Services is likely to cause consumer confusion or misunderstanding as to the certification of OLF's Services by OLH in violation of 815 ILCS 510/2(a)(3), and thus will injure and damage OLH and the goodwill and reputation symbolized by OLH's AKA.

90.     OLF's Name, so closely resembles OLH's Name in appearance, sound, connotation, and commercial impression that OLF's use in commerce of OLF's Name in connection with the Services misrepresents that OLF and OLF's Services have a sponsorship,

approval, status, affiliation, or connection with OLH that they do not have, in violation of 815 ILCS 510/2(a)(5), and thus will injure and damage OLH and the goodwill and reputation symbolized by OLH's Name.

91.     OLF's Name, so closely resembles OLH's AKA in appearance, sound, connotation, and commercial impression that OLF's use in commerce of OLF's Name in connection with the Services misrepresents that OLF and OLF's Services have a sponsorship, approval, status, affiliation, or connection with OLH that they do not have, in violation of 815 ILCS 510/2(a)(5), and thus will injure and damage OLH and the goodwill and reputation symbolized by OLH's AKA.

92.     After a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that OLF's deceptive use of OLF's Name commenced, and have continued, with OLF's knowledge of OLH's superior rights in OLH's Name in connection with the Services.

93.     After a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that OLF's deceptive use of OLF's Name commenced, and have continued, with OLF's knowledge of OLH's superior rights in OLH's AKA in connection with the Services.

94.     As a result of OLF's deceptive trade practices, OLH has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.  OLF will continue its deceptive trade practices unless restrained by this Court.  Accordingly, OLH seeks injunctive relief.

95.     As a direct result of OLF's acts, practices and conduct, OLH has suffered monetary damages to which OLH is entitled to recover from OLF.

## COUNT IV
## <u>STATE CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES</u>

96.     OLH hereby re-alleges the allegations of Paragraphs 1-94 of this complaint as if fully set forth herein.

97.     OLF's Name is confusingly similar to OLH's Name, and use of OLF's Name in connection with the Services constitutes a deceptive trade practice in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*.

98.     OLF's Name is confusingly similar to OLH's AKA, and use of OLF's Name in connection with the Services constitutes a deceptive trade practice in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*.

99.     815 ILCS 505/2 states in relevant part:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to... the use or employment of any practice described in Section 2 of the 'Uniform Deceptive Trade Practices Act', approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

100.    As a direct result of OLF's use of a name confusingly similar to OLH's Name, and as further alleged above, OLF is passing itself off as OLH in violation of 815 ILCS 510/2 (1) and, therefore, 815 ILCS 505/2.

101.    As a direct result of OLF's use of a name confusingly similar to OLH's Name, and as further alleged above, OLF is passing its Services off as if they are OLH's Services in violation of 815 ILCS 510/2 (1) and, therefore, 815 ILCS 505/2.

102.    As a direct result of OLF's use of a name confusingly similar to OLH's AKA, and as further alleged above, OLF is passing itself off as OLH in violation of 815 ILCS 510/2 (1) and, therefore, 815 ILCS 505/2.

103. As a direct result of OLF's use of a name confusingly similar to OLH's AKA, and as further alleged above, OLF is passing its Services off as if they are OLH's Services in violation of 815 ILCS 510/2 (1) and, therefore, 815 ILCS 505/2.

104. As a direct result of OLF's use of a name confusingly similar to OLH's Name, and as further alleged above, OLF engaged in actions which are likely to cause consumer confusion or misunderstanding as to the source, sponsorship, approval, or certification of OLF's Services by OLH in violation of 815 ILCS 510/2 (2) and, therefore, 815 ILCS 505/2.

105. As a direct result of OLF's use of a name confusingly similar to OLH's AKA, and as further alleged above, OLF engaged in actions which are likely to cause consumer confusion or misunderstanding as to the source, sponsorship, approval, or certification of OLF's Services by OLH in violation of 815 ILCS 510/2 (2) and, therefore, 815 ILCS 505/2.

106. As a direct result of OLF's use of a name confusingly similar to OLH's Name, and as further alleged above, OLF engaged in actions which are likely to cause consumer confusion or misunderstanding as to OLF's affiliation, connection, or association with OLH in violation of 815 ILCS 510/2(a)(3), and, therefore, 815 ILCS 505/2.

107. As a direct result of OLF's use of a name confusingly similar to OLH's Name, and as further alleged above, OLF engaged in actions which are likely to cause consumer confusion or misunderstanding as to the certification of OLF's Services by OLH in violation of 815 ILCS 510/2(a)(3), and, therefore, 815 ILCS 505/2.

108. As a direct result of OLF's use of a name confusingly similar to OLH's AKA, and as further alleged above, OLF engaged in actions which are likely to cause consumer confusion or misunderstanding as to OLF's affiliation, connection, or association with OLH in violation of 815 ILCS 510/2(a)(3), and, therefore, 815 ILCS 505/2.

109.    As a direct result of OLF's use of a name confusingly similar to OLH's AKA, and as further alleged above, OLF engaged in actions which are likely to cause consumer confusion or misunderstanding as to the certification of OLF's Services by OLH in violation of 815 ILCS 510/2(a)(3), and, therefore, 815 ILCS 505/2.

110.    As a direct result of OLF's use of a name confusingly similar to OLH's Name, and as further alleged above, OLF engaged in actions which misrepresent that OLF and OLF's Services have a sponsorship, approval, status, affiliation, or connection with OLH that they do not have, in violation of 815 ILCS 510/2(a)(5), and, therefore, 815 ILCS 505/2.

111.    As a direct result of OLF's use of a name confusingly similar to OLH's AKA, and as further alleged above, OLF engaged in actions which misrepresent that OLF and OLF's Services have a sponsorship, approval, status, affiliation, or connection with OLH that they do not have, in violation of 815 ILCS 510/2(a)(5), and, therefore, 815 ILCS 505/2.

112.    As a direct and proximate result of OLF's deceptive actions OLH has been damaged in actual loss of income, damage to reputation, and will be otherwise damaged

113.    On information and belief, OLF's actions amount to and have been at all times intentional, deliberate, and willful.

114.    Punitive damages should therefore be awarded in order to punish and deter OLF's deliberate and unlawful conduct.

## COUNT V
## STATE COMMON LAW TRADEMARK INFRINGEMENT

115.    OLH hereby re-alleges the allegations of Paragraphs 1-113 of this complaint as if fully set forth herein.

116.    OLH's Name has acquired secondary meaning among relevant consumers in Illinois.

117.   OLH's AKA has acquired secondary meaning among relevant consumers in Illinois.

118.   OLF's use of OLF's Name is confusingly similar to OLH's Name, and constitutes trademark infringement in violation of Illinois common law.

119.   OLF's use of OLF's Name is confusingly similar to OLH's AKA, and constitutes trademark infringement in violation of Illinois common law.

120.   OLF's Name so closely resembles OLH's Name in appearance, sound, connotation, and commercial impression that the use of OLF's Name in commerce in connection with the Services is likely to cause consumer confusion, mistake or deception as to the affiliation, connection, or association of OLF with OLH.

121.   OLF's Name so closely resembles OLH's Name in appearance, sound, connotation, and commercial impression that the use of OLF's Name in commerce in connection with the Services is likely to cause consumer confusion, mistake or deception as to the origin, sponsorship, or approval of OLF's Services by OLH.

122.   OLF's Name so closely resembles OLH's AKA in appearance, sound, connotation, and commercial impression that the use of OLF's Name in commerce in connection with the Services is likely to cause consumer confusion, mistake or deception as to the affiliation, connection, or association of OLF with OLH.

123.   OLF's Name so closely resembles OLH's AKA in appearance, sound, connotation, and commercial impression that the use of OLF's Name in commerce in connection with the Services is likely to cause consumer confusion, mistake or deception as to the origin, sponsorship, or approval of OLF's Services by OLH.

124.    The Services OLF offers in connection with OLF's Name are similar and/or identical to the Services OLH offers in connection with its OLH Name.  The similarity of the Services is likely to cause consumer confusion, mistake or deception as to the affiliation, connection, or association of OLF with OLH, and/or as to the origin, sponsorship, or approval of OLF's Services by OLH.  This will injure and damage OLH and the goodwill and reputation symbolized by OLH's Name.

125.    OLF and OLH advertise and promote their Services through the same channels of trade.

126.    OLF and OLH serve and promote the Services to the same group of Illinois consumers.

127.    Upon information and believe, OLF is the only other law firm that uses a name similar to OLH's Name in connection with the Services.

128.    OLH is aware of at least one instance of actual consumer confusion between OLH and OLF due to OLF's use of OLF's Name.

129.    OLH has been and is being irreparably harmed and damaged by OLF's trademark infringement and has no adequate remedy at law.

130.    After a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that OLF's use of OLF's Name commenced, and has continued, despite OLF's knowledge of OLH's rights in OLH's Name and/or OLH's AKA.

131.    After a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that OLF's use of OLF's Name, in violation of 15 U.S.C. § 1125(a), commenced, and has continued, despite OLF's knowledge that OLF does not have the right to use the O'KEEFE name in its current form in commerce in connection with the Services.

132.     As a result of OLF's trademark infringement, OLH has been, and continues to be, damaged by OLF's activities and conduct.  OLH has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.  OLF will continue to infringe OLH's rights unless restrained by this Court.  Accordingly, OLH seeks injunctive relief and monetary damages.

**COUNT VI**
**UNJUST ENRICHMENT**

133.     OLH hereby re-alleges the allegations of Paragraphs 1-131 of this complaint as if fully set forth herein.

134.     OLF's use of OLF's Name, which is confusingly similar to OLH's Name and OLH's AKA, constitutes unjust enrichment in violation of Illinois common law.

135.     OLF has unjustly benefited from using a name confusingly similar to OLH's Name to offer the Services and trading on the goodwill OLH has developed in OLH's Name.

136.     OLF has unjustly benefited from using a name confusingly similar to OLH's AKA to offer the Services and trading on the goodwill OLH has developed in OLH's AKA.

137.     OLF's conduct has damaged OLH and the goodwill and reputation symbolized by OLH's intellectual property.

138.     OLF's conduct in infringing OLH's intellectual property is against the fundamental principles of justice, equity, and good conscience.

**WHEREFORE, Plaintiff prays for the following relief**:

1.     A finding that OLF has infringed OLH's Name and OLH's AKA.

2.     A finding that OLF has violated the Illinois Uniform Deceptive Trade Practices Act.

3.     A finding that OLF has violated 15 U.S.C. § 1125(a).

4.     An injunction permanently enjoining OLF and its directors, officers, partners, agents, servants, employees and all other persons in active concert or privity or in participation with it, from:

a.     directly or indirectly infringing or misappropriating OLH's Name or OLH's AKA;

b.     continuing to advertise, promote, or offer to sell any Services which infringe or misappropriate OLH's Name or OLH's AKA; and

c.     assisting, inducing, or aiding and/or abetting any other person or entity in engaging in any of the activities prohibited in subparagraphs (a) through (b) above.

5.     An injunction permanently enjoining OLF and its directors, officers, agents, partners, servants, employees and all other persons in active concert or privity or in participation with it, from:

a.     committing deceptive trade practices by selling Services in connection with the name O'KEEFE LAW FIRM and likely causing consumer confusion or misunderstanding as to the source, sponsorship, approval, or certification of OLF's Services and/or as to the affiliation, connection, or association with or certification by OLH;

b.     continuing to advertise, promote, sell, or offer to sell any Services which are likely to cause consumer confusion or misunderstanding as to the source, sponsorship, approval, or certification of OLF's Services and/or as to the affiliation, connection, or association with or certification by OLH; and

c.     assisting, inducing, or aiding or abetting any other person or entity in engaging in any of the activities prohibited in subparagraphs (a) through (b) above.

6.    An order requiring the impounding and destruction of all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of OLF which infringes OLH's Name and all means of making the same.

7.    An order requiring OLF to file with the Court and serve on OLH, within 30 days after service of the Court's order as herein prayed, a report (or other form of proof) in writing under oath setting forth in detail the manner and form in which OLF has complied with the Court's injunction.

8.    A judgment entered for OLH and against OLF for all damages sustained by OLH and/or any applicable statutory damages for OLF's acts of trademark infringement, misappropriation, and deceptive trade practices, including OLF's profits, any damages sustained by OLH, costs and attorneys' fees of this action, and treble damages.

9.    A judgment entered for OLH and against OLF for all damages sustained by OLH and/or any applicable statutory damages for OLF's acts of unjust enrichment, including OLF's profits, any damages sustained by OLH, costs and attorneys' fees of this action, and treble damages.

10.   A judgment entered for OLH and against OLF, for punitive damages under the Illinois Consumer Fraud and Deceptive Business Practices Act in an amount sufficient to punish and deter the conduct engaged in by OLF.

11.   An accounting from OLF for all gains, profits, and advantages derived from acts of trademark infringement, unfair competition, deceptive trade practices, and/or other violations of the law as alleged herein.

12.   An order requiring that all gains, profits, and advantages derived by OLF from acts of trademark infringement, unfair competition, deceptive trade practices, and/or other

violations of the law as alleged herein, be deemed to be in constructive trust for the benefit of OLH.

13.     An order for such other, further, and different relief as the Court deems proper under the circumstances, including punitive damages if appropriate pursuant to the evidence of record.

## JURY DEMAND

O'KEEFE LYONS & HYNES LLC hereby demands a trial by jury on all issues so triable.

Dated:  July 21, 2017                    Respectfully submitted,

                                       /s/ Ronald A. DiCerbo

Ronald A. DiCerbo (No. 6273363)
Joshua A. Aldort (No. 6238962)
McAndrews, Held & Malloy, Ltd.
500 West Madison Street
34th Floor
Chicago, Illinois  60661
Telephone:  (312) 775-8000
Facsimile: (312) 775-8100
jaldort@mcandrews-ip.com
rdicerbo@mcandrews-ip.com

**Attorneys for Plaintiff,**
**O'Keefe Lyons & Hynes, LLC**